ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN 254904)
Assistant United States Attorney
  300 N. Los Angeles Street
  Federal Building, Room 7211
  Los Angeles, CA  90012
      Telephone:  (213) 894-6551
      Fax:          (213) 894-0115
      E-mail:       andrew.t.pribe@usdoj.gov

*Attorneys for the United States of America*

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff<br><br>　　vs.<br>JOEL L. BOYCE; DELYNN E. BOYCE; PERFECT ACCORD UNLIMITED; JPMORGAN CHASE BANK; THE STATE OF CALIFORNIA FRANCHISE TAX BOARD; BANK OF AMERICA, NATIONAL ASSOCIATION; CITY OF THOUSAND OAKS; and VENTURA COUNTY TAX COLLECTOR<br>　　　Defendants | Case No.: CV 13-00601 MMM(JEMx)<br><br>[~~proposed~~] Judgment |

1

Based on the Government's motion for summary judgment and for good cause shown:

1. Judgment is entered in favor of the United States and against Joel L. Boyce in the amount of $501,872.41 plus statutory interest from November 22, 2013, until payment plus costs. Statutory interest includes prejudgment interest at the rate specified in Title 26 of the United States Code until the date of judgment and post-judgment interest at the rate specified in Title 28 of the United States Code thereafter.

2. The federal tax liens at issue in this case are foreclosed. These liens are against the property 163 Fallbrook Ave., Newbury Park, California, with the parcel no. of 665-0-062-035, and is legally described as:

> Lot 152 of Tract No. 1478-2, as recorded in Book 39, Page 1 of Maps in the Office of the County Recorder of Ventura County.

3. Perfect Accord holds title to the property as the Boyces' nominee, their transfer of the property to Perfect Accord is fraudulent, and the Government is entitled to foreclose on the federal tax liens that encumber the property.

4. The property is ordered to be sold as set forth below.

5. The property is to be sold by the Area Director of the Internal Revenue Service whose district includes Ventura County, or his delegate, the Internal Revenue Service Property Appraisal and Liquidation Specility (PALS), in

accordance with the provisions of the Title 28, United States Code, Sections 2001 and 2002.

6. Any party to this proceeding or any person claiming an interest in the subject real property may request that the Court order a private sale of the subject real property pursuant to Title 28, United States Code, Section 2001(b). Any such motion shall be filed within 20 days after entry of this judgment. Any motion under Section 2001(b) shall set forth with particularity (a) the nature of the moving party's interest in the subject real property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District Court for the Central District of California.

7. The Area Director, or the PALS, is ordered to sell the subject real property if it does not become the subject of a motion pursuant to the preceding paragraph, in accordance with Title 28, United States Code, Section 2001(a) and 2002. The subject real property shall be sold at a public sale to be held at the Ventura County Courthouse as follows:

    a. The PALS shall announce the date and time of the sale.

     b.    Notice of the sale shall be published once a week for at least four consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Ventura County, California. The notice shall describe the property by its street address and legal description and shall contain the terms and conditions of sale as set out herein.

     c.    The terms and conditions of sale shall be as follows:

          i.    A minimum bid determined by reference to the current fair market value shall be required.  The minimum bid shall be 75% of the current fair market value as determined by an appraisal of the subject property by the PALS.  The terms of sale as to all persons or parties bidding shall be by money order or by certified or cashier's check

          ii.    The PALS shall set the minimum bid.  If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

          iii.    At the time of the sale, the successful bidder shall be required to deposit with the PALS, by money order or by certified or cashier's check payable to the United States District Court for the Central District of California, a deposit equal to twenty percent (20%)

of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder.

  iv. The successful bidder shall remit the remaining eighty percent (80%) of said purchase price to be paid on or before 5:00 p.m., within three (3) business days of the date of sale by money order or by certified or cashier's check payable to the United States District Court for the Central District of California.

  v. The money order or certified or cashier's check payable to the United States District Court for the Central District of California shall be given by the successful bidder to the PALS who will deposit the funds with the Clerk of this Court.

  vi. Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the property as a penalty. The Clerk shall distribute the 20% penalty as directed by the PALS by check made to the "United States Treasury" to be applied toward payment of said penalty. Payment of said penalty shall not be a credit on the judgment of the United States. The subject property shall again be offered for sale under the terms and conditions of this order for sale or, in the alternative, sold to the second highest bidder.

     d.    The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further order of the Court.

     e.    Upon selling the subject property, the United States of America shall prepare and file with this Court an Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds, which will set forth an accounting and report of sale for the subject property.  The sale of the subject property shall be subject to confirmation by this Court.   The Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds shall be filed within thirty (30) days from the date of such sale.  If no objections have been filed in writing in this cause with the Clerk of the Court within fifteen (15) days of the date of sale, the sale shall be confirmed by the Court without necessity of motion.  On confirmation of the sale, the Court will direct the Internal Revenue Service to execute and deliver its deed conveying the subject property to the purchaser.  On confirmation of the sale, all interests in, liens against, or claims to the subject property that are held or asserted by all parties to this action are discharged and extinguished.

    8.    Possession of the property sold shall be yielded to the purchaser upon the production of the certificate of sale and deed; and if there is a  refusal to so

yield, a writ of assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the property sold to the purchaser.

    9.    After the Court confirms the sale, and by Order on the application made by the United States of America as to the specific amounts at issue, the sale proceeds deposited with the Clerk of this Court shall be applied to the following items in the order specified:

    a. First, to the United States for the costs of the sale;

    b. Second, to the Ventura County Tax Collector toward satisfaction of any outstanding real property tax liens;

    c. Third, to JPMorgan Chase Bank for the satisfaction of the mortgage secured by the lien recorded on October 14, 1988;

    d. Fourth, one-half of the remaining funds to Perfect Accord Unlimited; and

    e. Fifth, the other half of the remaining funds (representing the interest held by Perfect Accord Unlimited as a nominee and fraudulent conveyee of Joel Boyce) to the lien holders of liens against Joel Boyce in the following priority, as the remaining funds allow, in satisfaction of their respective liens:

| Party | Tax year (if applicable) | Date of Assessment (if applicable) | Date of notice of tax lien or other lien |
|---|---|---|---|
| FTB (Joel Boyce) | 1996 | 5/26/1998 | 1/23/2002, extended 11/3/11 |
| FTB (Joel Boyce) | 1995 | 7/20/1998 | 1/23/2002, extended 11/3/11 |
| FTB (Joel Boyce) | 1997 | 2/5/1999 | 1/23/2002, extended 11/3/11 |
| US | 1998 | 12/25/2000 | 10/23/2002, extended 1/19/11 |
| FTB (Joel Boyce) | 1998 | 12/27/2000 | 1/23/2002, extended 11/3/11 |
| FTB (Joel Boyce) | 1991 | 11/18/2002 | 7/12/2004 |
| FTB (Joel Boyce) | 1993 | 11/18/2002 | 7/12/2004 |
| FTB (Joel Boyce) | 2000 | 5/9/2003 | 2/27/2004 |
| FTB (Joel Boyce) | 2001 | 1/2/2004 | 2/27/2004 |
| FTB (Joel Boyce) | 2002 | 8/26/2004 | 11/12/2004 |
| US | 1999 | 10/4/2004 | 12/3/2004 |
| US | 2000 | 10/4/2004 | 12/3/2004 |
| US | 2001 | 10/4/2004 | 12/3/2004 |
| US | 2002 | 10/4/2004 | 12/3/2004 |
| Ventura County | 2004 | 1/1/2004 | 2/24/2005 |

8

| Party | Tax year (if applicable) | Date of Assessment (if applicable) | Date of notice of tax lien or other lien |
|---|---|---|---|
| Tax Collector | | | |
| Bank of America | n/a | n/a | 10/27/2005 |
| FTB (Joel Boyce) | 2003 | 3/31/2006 | 11/10/2006 |
| FTB (Joel Boyce) | 1995 | 11/10/2006 | 11/3/2011 |
| FTB (Joel Boyce) | 1996 | 11/10/2006 | 11/3/2011 |
| FTB (Joel Boyce) | 1997 | 11/10/2006 | 11/3/2011 |
| FTB (Joel Boyce) | 1998 | 11/10/2006 | 11/3/2011 |
| FTB (Joel Boyce) | 2004 | 11/1/2007 | 12/15/2008 |
| FTB (Joel Boyce) | 2005 | 11/1/2007 | 2/9/2011 |
| US | 2003 | 3/31/2008 | 5/10/2010 |
| US | 2004 | 3/31/2008 | 5/10/2010 |
| US | 2005 | 3/31/2008 | 5/10/2010 |
| FTB (Joel Boyce) | 2006 | 11/14/2008 | 12/15/2008 |
| US | 2006 | 5/25/2009 | 5/10/2010 |

| Party | Tax year (if applicable) | Date of Assessment (if applicable) | Date of notice of tax lien or other lien |
|---|---|---|---|
| FTB (Joel Boyce) | 2007 | 7/3/2009 | 1/24/2011 |
| US | 2007 | 11/15/2010 | 12/14/2010 |
| FTB (Joel Boyce) | 2009 | 4/29/2011 | 2/16/2012 |

    f.    The remainder shall remain with the Court until a claim on those proceeds is made and approved.

    10.    Any sale by the Area Director pursuant to this order shall be free and clear of any liens and encumbrances held by any party to this action including the United States of America; Joel L. Boyce; Delynn E. Boyce; Perfect Accord Unlimited; JPMorgan Chase Bank; the State Of California Franchise Tax Board; Bank Of America, National Association; City Of Thousand Oaks; And Ventura County Tax Collector.

    11.    The Court hereby retains jurisdiction of this action for the purpose of making proper distributions of the proceeds of the sale, and resolving any dispute, if any, pursuant to the Application by the United States of America Confirming

///

///

///

10

Sale and Directing Distribution of Sale Proceeds, and Order of this Court upon said Application.

IT IS SO ORDERED

DATED: July 30, 2014

*Margaret M. Morrow*
_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE